On the Merits.
The defendant had issued execution on a judgment obtained by him against the plaintiff, and she has injoined the sale under it. The sole ground of injunction is, that the writ of fieri facias had expired, and had been returned by the sheriff to the clerk’s office, and was there filed subsequent to the expiration of the writ, which fact, the plaintiff alleges, divests the sheriff of all rights of possession of the property, and of all authority in the premises.
The writ issued May 29,1877. The seizure was made, and notice was served in July, and the property was then advertised for sale — the sale to take place on first Saturday in September. The seventy days which the writ had to run expired on August 8th. On the 11th. of that month the original writ was filed in the clerk’s office, with this return written upon it“ Received the within writ on the 29th. day of May 1877, arid duly proceeded to execute the same by levying upon the property of defendant, and the time specified by law for the return of the writ having expired, it is hereby returned unsatisfied after having kept a correct copy of the same.”
The position assumed by the plaintiff is, that since the original writ was returned after the expiration of the seventy days, the sheriff was totally divested of authority to proceed further. The fact that the officer had retained a copy does not appear to have been thought material by the plaintiff when she applied for an injunction. Her petition does not allege any informality or vice in the return as ground for the writ. The fact that the sheriff had not returned the writ on or before the expiration of seventy days, it was supposed, invalidated all his subsequent proceedings. The fact that a copy had been retained was known. It was stated by the sheriff on the original, but it was not considered of any consequence, inasmuch as the return was made after the seventy days had expired.
Afterwards, and on the trial, another ground of invalidity was set up in argument, as it is here, viz that the copy of the writ, retained 'by the sheriff, was not certified by himself.
¥e do not think either ground tenable. Formerly the sheriff could proceed with the original writ, and was not bound to return it unless required by the plaintiff. Rowley v. Kemp, 2 Annual, 360. Now, when a seizure has been made under a writ of fieri facias, and the property *1129 •can not be sold before the return day, the officer must nevertheless return the writ, but at the time of making the return, he must make and retain a copy of it, duly certified by himself, and proceed to the sale under the certified copy. Code of Practice, art. 642.
The sheriff in making the return in this case kept a correct copy of "the writ, made by himself. The fact that he did not append to this copy his own certificate of its correctness does not invalidate it. The essential matter is that he shall make a correct copy, and retain it, and pro-need under it. When the copy is made by himself, his own certificate does not assure its correctness more than the fact that he made it. It is not pretended that his copy was incorrect, and the provision that he shall certify to its correctness is not sacramental, when he makes it himself. The provision is merely directory, and he substantially complies with it when he makes it with his own hand.
Nor is it essential that his return shall be made before, or at the •expiration of the time limited for the writ to run. He had done under the original all that was to be done except making the public cry of the property, and the adjudication: If before tnis exposure for sale, and adjudication, the return is made, and a correct copy is retained, he has in his hands the authority to act, and his sale is legal.
The object of compelling the sheriff to make return of the writ of fieri facias within a specified time, was to prevent the future recurrence of a grave abuse of which the sheriffs had sometimes been guilty, and to put it in the power of the plaintiff in execution to control his •official conduct thereon. A sheriff might, and sometimes did, fail to proceed under the writ, and as he had it in his own custody, a plaintiff would be ignorant of what his action had been. The statute therefore provided that he should return the writ within a given time, by which means the party interested in its enforcement learned what offi-cial action had been taken under it, and if he did not return it, he became liable to the party entitled to the benefit of it for the full amount specified therein. Bev. Stats, sec. 34P8.
The purpose of the requirement was then to enable the plaintiff to exercise the surer and speedier control over his process. The defendant was not inj ured more by having his property sold under a copy than under an original, and the material matter for officer and parties is that the copy shall be correct, so that the particular property seized or directed to be sold shall be the same as that mentioned in the writ, if any special property shall be thus mentioned, and the sum to be realized by the sale shall be neither greater nor less than that specified in the original.
The single ground upon which the injunction was sued out, and its want of force, shews that the process was invoked for delay. The *1130 defendant prays for twenty per centum damages, and ton per centum additional, and one hundred and fifty dollars as attorney’s fee. We are-not disposed to inflict the heavy damages prayed. The fee of the attorneys is estimated by a witness at one hundred dollars. The judge below dissolved the injunction with ten per centum damages. That is enough.
Judgment affirmed.
Mr. Justice DeBlanc is recused in this case.